IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYANDIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 2:24-CV-00096-JRG |
| | § | |
| SAP AMERICA, INC. and SAP SE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Compel Documents and Discovery Responses (the "Motion") filed by Plaintiff Cyandia, Inc. ("Cyandia"). (Dkt. No. 86.) In the Motion, Cyandia asks the Court to compel Defendants SAP America, Inc. and SAP SE (together, "SAP") (collectively with Cyandia, the "Parties") to produce several categories of documents. (Dkt. No. 86 at 4.) Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

I.   BACKGROUND

On February 12, 2024, Cyandia filed its Complaint of Patent Infringement (the "Complaint") against SAP. (Dkt. No. 1.) In the Complaint, Cyandia alleges that SAP makes, uses, sells, and offers to sell software products and services (the "Accused Instrumentalities") that infringe U.S. Patent No. 8,499,250; U.S. Patent No. 8,578,285; U.S. Patent No. 8,595,641; and U.S. Patent No. 8,751,948 (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶¶ 10, 47.) Each of the Asserted Patents generally relates to computing methods or computer programs "for interacting with multiple information forms across multiple types of computing devices." (*Id*. ¶¶ 15, 19, 23, 27, 29.)

On June 04, 2025, and pursuant to the Court's order, the Parties met and conferred to "fully explore resolution or significant narrowing of the disputes in the Motion." (Dkt. No. 104 at 1; Dkt. No. 113 at 1.) The Parties then filed the Joint Status Report Regarding Plaintiff's Motion to Compel (the "Joint Status Report") on June 10, 2025. (Dkt. No. 113). This Joint Status Report defines the field of unresolved issues which the Court now addresses.

## II. LEGAL STANDARD

The rules of discovery "are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." *Herbert v. Lando*, 441 U.S. 153, 176 (1979). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Rule 37 allows a discovering party, on notice to other parties and all affected persons, to "move for an order compelling disclosure or discovery." FED. R. CIV. P. 37(a)(1). "The moving party bears the burden of showing that the materials and information sought are relevant to the action or will lead to the discovery of admissible evidence." *Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-cv-00042, 2020 WL 6559869, at *2 (E.D. Tex. Nov. 9, 2020) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)). Once the moving party establishes that the materials requested are within the scope of permissible discovery, the burden shifts to the party resisting discovery to show specifically why the discovery is irrelevant, overly broad, unduly burdensome or oppressive, and thus should not be permitted. *Id*.

## III. ANALYSIS

In the Motion, Cyandia asks the Court to compel SAP to produce six (6) categories of documents: (1) U.S. gross revenues for all Accused Instrumentalities; (2) U.S. net revenues for all Accused Instrumentalities; (3) worldwide gross and net revenues for all Accused Instrumentalities;

(4) costs, expenses, profits for all Accused Instrumentalities (U.S. and worldwide); (5) pricing for all Accused Instrumentalities; and (6) data regarding the number of units/users/connections for all Accused Instrumentalities. (Dkt. No. 86 at 4.) The Court addresses each category in turn.

### (a) Resolved Discovery Disputes

In the Joint Status Report, the Parties represent that they have resolved their disputes as to three (3) categories of documents: U.S. net revenues for all Accused Instrumentalities; worldwide gross and net revenues for all Accused Instrumentalities; and costs, expenses, profits for all Accused Instrumentalities (U.S. and worldwide). (Dkt. No. 113 at 1.)

Accordingly, the Court approves the parties' resolution of those disputes and finds that the Motion should be **DENIED AS MOOT** thereto.

### (b) U.S. Gross Revenues

Cyandia asks the Court to compel SAP to produce U.S. gross revenues for five (5) Accused Instrumentalities: SuccessFactors; Build Apps base package; Build Apps additional user; Build Process Automation standard; and Build Process Automation advanced. (Dkt. No. 113 at 3; *see also* Dkt. No. 86 at 1.) Cyandia argues that such "routine financial information" is relevant as it is the "starting point of any damages analysis." (Dkt. No. 86 at 1; 5 (citation omitted).) Cyandia further contends that SAP possesses the requested U.S. gross revenue information but has withheld it for certain products. (*Id*. at 5, 7.) As support, Cyandia points to SAP's "spreadsheet containing unspecified revenue for a subset of the Accused Instrumentalities" (the "Revenue Spreadsheet"). (*Id*. at 1.) Cyandia also asserts that SAP's supplemental production continues to hide the ball. (*Id*.) Specifically, Cyandia notes that, while SAP provided it with the U.S. revenues for two product groups, Cyandia is unable to identify which Accused Instrumentality, if any, falls within which product group. (*Id*.; *see also*, Dkt. 86-1 ¶7.)

3

SAP responds by arguing that the Court should not order SAP to produce U.S. gross revenue for two (2) reasons. (Dkt. No. 100 at 2–3; Dkt. No. 113 4–5.) First, SAP maintains that its production is sufficient. (Dkt. No. 100 at 2.) To evidence this, SAP notes that its Revenue Spreadsheet lists over 2,400 pages of information for over 2,700 U.S.-based customers and is supplemented by pricing and supporting details. (*Id*. at 2–3.) Second, SAP insists that Cyandia has made its request without meeting and conferring with SAP. (Dkt. No. 113 at 5.) Specifically, SAP contends that Cyandia has not raised these "***specific*** products" in its Motion or during the meet and confer. (*Id*. at 4 (emphasis added).)

The Parties do not dispute that information pertaining to U.S. gross revenue for the five (5) Accused Instrumentalities listed above is relevant to damages. The burden therefore falls on SAP to show specifically why the discovery should not be permitted. *See Tim Long Plumbing, Inc.*, 2020 WL 6559869, at *2 (citation omitted). However, SAP has not met this burden. In fact, while SAP essentially argues that Cyandia is "improperly seeking to expand its Motion," the record shows that Cyandia has narrowed its request. (Dk. No. 113 at 3.) Specifically, and whereas the Motion expressly seeks the production of "all relevant documents" pertaining to "U.S. gross revenues for ***all*** Accused Instrumentalities," Cyandia requests the U.S. gross revenues for only a subset of those Accused Instrumentalities in the Joint Status Report. (Dkt. No. 86 at 4 (emphasis added); Dkt. No. 113 at 3.)

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

*(c) Pricing Information*

Cyandia asks the Court to compel SAP to fully produce pricing information for S/4HANA, SAP Business Suit, SAP Cloud Portal Service, SAP Access Control, and SAP Process Control.

(Dkt. No. 113 at 5.) However, SAP has agreed to produce the requested pricing information. (*Id*. at 6.)

Based on such an agreement, the Court finds that Cyandia's request should be **DENIED AS MOOT**.

### *(d) User, Usage, and Connection Data*

Cyandia asks the Court to compel SAP to produce two types of data regarding the Accused Instrumentalities: 1) usage data for all the Accused Instrumentalities; and 2) an identification of the total licensed users to those Accused Instrumentalities during the damages period. (Dkt. No. 113 at 10.) The Court will address each in turn.

#### *(1) Usage Data*

Cyandia argues that the Court should compel SAP to produce usage information that is responsive to Interrogatory Nos. 5, 16, and 33. (Dkt. No. 113 at 7.) However, SAP has agreed to produce additional statistical information for Build Work Zone and SAP Mobile Start that would resolve the dispute. (*Id*. at 10 ("It appears that Cyandia is dropping its objection on this point"); *see also id.* at 8 ("As to usage, Cyandia cannot say this issue is resolved until it receives SAP's belated production").)

Accordingly, the Court finds that Cyandia's request should be **DENIED AS MOOT**.

#### *(2) User Data*

Cyandia argues that the Court should compel SAP to produce documents pertaining to "the total number of licensed users" corresponding to the Revenue Spreadsheet. (Dkt. No. 113 at 8.) Cyandia asserts that the licensed user data is relevant to damages as SAP's revenue for the Accused Instrumentalities is based on the number of licensed users. (*Id*. at 7.) Cyandia further contends

5

that, while SAP has produced documents pertaining to the requested information, "SAP's production remains deficient." (*Id*.)

SAP argues in response that compulsion is unwarranted for two (2) reasons. First, and contrary to Cyandia, SAP asserts that its production is sufficient. (*Id*. at 8.) As support, SAP notes that it has produced nearly 20,000 pages of user statistics as early as April, some of which includes "data regarding valid and active users for SAP's software, which can be used as a proxy for licensed users." (*Id*. at 9–10.) Second, SAP asserts that Cyandia has not raised identifying the "total licensed users" in either its Motion or at the Court-ordered meet and confer. (*Id*. at 3, 10.)

The Parties do not dispute that the information relating to the total number of licensed users is relevant to this case. The burden therefore falls upon SAP to show specifically why discovery should not be permitted. *See Tim Long Plumbing, Inc.*, 2020 WL 6559869, at *2 (citation omitted). Again, SAP has not met this burden. As above, SAP accuses Cyandia of expanding the Motion, but the record shows that Cyandia has narrowed it instead. The Motion expressly seeks production of all "data regarding ***the number of … users*** … for all Accused Instrumentalities," but now Cyandia only seeks a subset of that data. (Dkt. No. 86 at 4, 6–7.)

Accordingly, the Court finds that this portion of the Motion should be **GRANTED**.

### IV.  CONCLUSION

In conclusion, and for the reasons stated above, the Court finds that the Motion (Dkt. No. 86) should be and hereby is **GRANTED** as described above for U.S. gross revenues for the Accused Instrumentalities and as to user data. The Motion is **DENIED** in all other respects.

Accordingly, the Court **COMPELS** SAP to produce all documents pertaining to the U.S. gross revenues for the SuccessFactors, Build Apps base package, Build Apps additional user, Build Process Automation standard, and Build Process Automation advanced products within ten (10)

days from the date of this Order. The Court further **COMPELS** SAP to produce all documents pertaining to the total number of licensed users corresponding to the Revenue Spreadsheet within ten (10) days from the date of this Order.

**So ORDERED and SIGNED this 19th day of August, 2025.**

_____<br>
RODNEY GILSTRAP<br>
UNITED STATES DISTRICT JUDGE