IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| CYANDIA, INC. | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00096-JRG |
| | § | |
| SAP AMERICA, INC., AND SAP SE, | § | |
| *Defendants*. | § | |
| | § | |

## ORDER

The Court held a Pretrial Conference in the above-captioned case on September 2, 2025 regarding pending pretrial motions, motions *in limine* ("MILs"), and disputed exhibits between Plaintiff Cyandia, Inc. ("Cyandia" or "Plaintiff") and Defendants SAP America Inc. and SAP SE ("SAP" or "Defendants") (collectively, the "Parties"). (Dkt. Nos. 117, 118, 119, 120, 121, 123, 127, 185, 186). This Order memorializes the Court's rulings on the pretrial motions, MILs, and disputed exhibits as announced from the bench and read into the record, including additional instructions that were given to the Parties. While this Order summarizes the Court's rulings as announced into the record during the Pretrial Conference, this Order in no way limits or constrains such rulings from the bench. Accordingly, it is hereby **ORDERED** as follows:

**1. SAP's Motion for Summary Judgment of Noninfringement (Dkt. No. 117).**

The motion was **DENIED**.

**2. Cyandia's Motion for Partial Summary Judgment of No Invalidity (Dkt. No. 120).**

The motion was **DENIED**.

**3. Cyandia's Motion for Summary Judgment on SAP's Affirmative Defenses of Acquiescence and Equitable Estoppel (Dkt. No. 121).**

The motion will not be considered until such time, if any, as the Court takes up a bench trial. SAP's request to submit equitable issues to the jury for an advisory opinion is **DENIED**.

**4. Cyandia's Motion for Summary Judgment of No Inequitable Conduct (Dkt. No. 123).**

The motion will not be considered until such time, if any, as the Court takes up a bench trial. SAP's request to submit equitable issues to the jury for an advisory opinion is **DENIED**.

**5. SAP's Motion to Strike Portions of the Expert Report and Preclude Other Opinions of Nenad Medvidović (Dkt. No. 118).**

The motion was **GRANTED** as to Paragraphs 97, 1563, 1569, 1582-1593, and 1602-1615 of Dr. Medvidović's expert report, and such paragraphs are **STRUCK**. The Court **ORDERS** Dr. Medvidović to supplement his report with respect to apportionment within fourteen days from the date of the Pretrial Conference. SAP will have seven days to respond, through their expert, to Dr. Medvidović's supplemental report after its issuance.

**6. SAP's Motion to Exclude Certain Opinions and Testimony of Justin R. Blok (Dkt. No. 119).**

The motion was **GRANTED**. The Court **ORDERS** Mr. Blok to supplement his report within fourteen days from the issuance of Dr. Medvidović's supplemented report. SAP will have seven days to respond to Mr. Blok's supplemental report after its issuance.

**7. Cyandia's Motion to Strike and Exclude Certain Opinions and Testimony of Ambreen Salters (Dkt. No. 127).**

The motion was **GRANTED-IN-PART** as to Ms. Salters's opinions criticizing Cyandia for relying on information produced by SAP when other information beyond that was not available to Cyandia. The Court **GRANTS LEAVE** to SAP for Ms. Salters to supplement her report on damages within seven days of the issuance of Mr. Blok's supplemental report. All other requests for relief in this motion were **DENIED**.

**8. Parties' Motions *in Limine* (Dkt. Nos. 185 and 186).**

*a. SAP's Motion* in Limine *1: any evidence or argument related to the Steinhauer Application should be excluded under Fed. R. Evid. 402 and 403.*

The motion was **DENIED**.

*b. SAP's Motion* in Limine *2: any evidence or argument that the SAP Enterprise Portal 6.0 Prior Art is distinguishable from the asserted claims because it was not mobile friendly or responsive to device types should be excluded under Fed. R. Evid. 402 and 403.*

The motion was **GRANTED** as to Cyandia's use of SAP Enterprise Portal 6.0 as distinguishable from the asserted claims because SAP Enterprise Portal 6.0 is not mobile-friendly or because it is not responsive to certain device types. Cyandia may use SAP Enterprise Portal 6.0 only with prior leave from the Court.

*c. SAP's Motion* in Limine *3: Any evidence or argument about the amount of SAP's total revenues or profits from SAP's products should be excluded under Fed. R. Evid. 402 and 403.*

The motion was **GRANTED** as to the total revenue of SAP and revenue not tied directly to the accused products. For other financial information included on demonstratives, Parties may raise timely objections for review by the Court.

*d. SAP's Motion* in Limine *4: Any speculation or opinion testimony from any Cyandia fact witness, including its CEO Michael Wetzer, regarding alleged valuation of the asserted patents or the amount of damages that should be awarded in this case should be precluded under Fed. R. Evid. 602 and 701.*

The motion was **DENIED**.

*e. SAP's Motion* in Limine *5: Any evidence or argument comparing alleged embodiments or prototypes of the asserted patents to the accused instrumentalities should be excluded under the Court's standing MIL No. 18 and Fed. R. Evid. 402 and 403.*

The motion was **GRANTED**. Cyandia's CEO Mr. Michael Wetzer may testify to those matters where he has personal knowledge, but he may not opine on the issue of infringement or offer any testimony of an expert nature.

*f. Cyandia's Motion in Limine 1: No testimony, argument, or evidence regarding SAP's granted patents.*

The motion was **GRANTED-IN-PART** as to where and how SAP's patent portfolio attaches to its product portfolio. SAP may otherwise testify as to its patent portfolio in general terms.

*g. Cyandia's Motion in Limine 2: No testimony, argument, or evidence regarding any implementations or demonstrations of Enterprise Portal 6.0 that have not been shown to exist prior to May 2008.*

The motion was **DENIED**. Argument about specific demonstratives may be raised at the designated time for demonstrative disputes during trial.

*h. Cyandia's Motion in Limine 3: No testimony or evidence from SAP's fact witnesses regarding the Asserted Patents, except for knowledge.*

The motion was **DENIED**.

*i. Cyandia's Motion in Limine 4: Dr. Clark cannot argue claim construction to the jury based on the prosecution histories of the Asserted Patents.*

The motion was **GRANTED**.

*j. Cyandia's Motion in Limine 5: No testimony, argument, or evidence regarding inventorship/contributions to the Asserted Patents, including whether Rupert Key or Mark Dingman were inventors.*

The motion was **GRANTED** as to prohibiting any reference to a lack of inventorship on any patent-in-suit. SAP may offer testimony from any of the named inventors about their role as inventors in the '250 patent.

**9. Parties' exhibit disputes.**

*a. PTX-5 (SAP Webpage: "Card") and PTX-6 (SAP Webpage: "Overview Page – Cards").*

The exhibits were **PRE-ADMITTED**.

*b. PTX-11 (Fiori Technology: Feature Map copy from documentation).*

The exhibit was **PRE-ADMITTED**.

*c. DTX-3 (Physical SAP Installation Discs for NetWeager: 51030723 – DVD labeled "SAP NetWeaver 04, Support Releaes 1, NetWeaver Components" and*

*51030724 – DVD labeled "SAP NetWeaver 04, Support Release 1, SAP Web AS Java."*

The objection was **SUSTAINED** as to admissibility, but DTX-3 may be used as a demonstrative.

At the conclusion of the above, the Court *sua sponte* ordered a joint status report upon the issuance of Cyandia's response to Ms. Salter's supplemental report. It is so Ordered.

**So ORDERED and SIGNED this 16th day of September, 2025.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE